### REED v. SOUTHERN PAC. CO.
No. 8769.

Court of Civil Appeals of Texas. Austin.
Dec. 7, 1938.

Rehearing Denied Jan. 4, 1939.

Joseph Cocke and Benton Coopwood, both of Austin, for appellant.

Baker, Botts, Andrews & Wharton, of Houston, and Smith, Goldsmith & Bagby, of Austin, for appellee.

BLAIR, Justice.

Appellee, Southern Pacific Company, sued appellant, M. H. Reed, for the freight and demurrage charges on two cars of cedar posts shipped by appellant over appellee's lines from points in Texas to Pantano, Arizona. Consignee refused to accept the posts, and appellee sold them, and this suit is for the difference in the sale price obtained and the freight and demurrage charges.

On a former appeal, 99 S.W.2d 1026, we reversed the judgment of the trial court and remanded this cause for the trial of two issues: (1) Whether appellee railroad company used reasonable diligence to secure a fair price in selling the cedar posts involved in the case; and (2) for a determination of the amount of demurrage charges.

On this trial the jury found that appellee used reasonable diligence to secure a fair price in the selling of the cedar posts; and judgment was accordingly rendered for appellee in the sum of $522.88, being the difference between the price for which appellee sold the posts and its freight and demurrage charges for transporting them; hence this appeal.

We do not sustain the contention of appellant that the evidence does not support the jury's finding that appellee used reasonable diligence to secure a fair price for the posts. It was shown that appellant shipped two cars of cedar posts from Texas to J. Knox Corbett Lumber and Hardware Company, consignee, at Pantano, Arizona. Consignee rejected the posts, and when notified of such rejection appellant instructed appellee by letter that, "without prejudice to our rights, you are authorized to sell without the usual ten days notice, or advertising, cedar posts" consigned to J. Knox Corbett Lumber and

Hardware Company. Prior to receiving this letter of instructions, appellee had proceeded to move the posts to the county seat of the county of destination, Tucson, Arizona, for sale in accordance with the statute of that state relating to sale of merchandise for freight charges. After receiving the letter, appellee did not further pursue its statutory remedy, but sent notice to several merchants in Tucson and adjoining towns, requesting bids on the posts. It received several bids, and accepted the highest and best. Pantano, Arizona, the place to which the posts were shipped for delivery, was shown to be a non-agency station; and the posts could not have been safely unloaded there, because they would have been stolen, appellee having no one there to protect them. The only witness in the case testified that there was no market for cedar posts at Pantano. Tucson, Arizona, was some 20 miles from Pantano, was the county seat; and several sealed bids from Tucson and other points were submitted for the purchase of the posts, and from these appellee sold to the highest bidder, with the result above mentioned. The jury having found upon this evidence that appellee used reasonable diligence to secure a fair price for the posts, the judgment based thereon is supported by sufficient evidence.

Appellant also contends that the court erred in permitting appellee to introduce its pleadings in evidence, particularly that part which quotes the statutory law of Arizona relating to sale of merchandise for freight charges. Under our former decision, the question of whether appellee sold the posts under the laws of Arizona became immaterial, because we held that the letter of instructions from appellant was sufficient to authorize the sale of the posts at any time and any place, without notice; and that the controlling question was whether appellee railroad company used reasonable diligence to secure a fair price in selling the cedar posts. The fact that it attempted to move the posts and proceeded in the beginning to comply with the statute of Arizona relating to sale of merchandise for freight charges was material on the issue of whether it used reasonable diligence to secure a fair price, and in explanation of its conduct in selling the posts. It also appears from the agreed statement of facts that appellant agreed to each and every allegation in appellee's petition, except that appellant denied it was necessary to re-

394

move the posts from Pantano, Arizona, to Tucson, Arizona, in order to sell them to the best advantage. Under such agreement, the only way to ascertain what the parties had agreed upon as being the facts in the case was by looking to appellee's petition.

■ Appellant next contends that the court erred in refusing to submit several requested special issues, to-wit: whether appellee was negligent (1) in not attempting to sell the posts at the point of destination, Pantano; (2) in failing to notify appellant that the posts were being moved from Pantano to Tucson for sale; and (3) in selling the posts for the price appellee sold them. The court properly refused to submit these issues, because such issues were not ultimate issues of fact. The question of whether appellee was negligent in not attempting to sell the posts at Pantano was included in the paramount and ultimate issue of whether appellee used reasonable diligence to secure a fair price in selling the posts.

The same is true with respect to the contention that appellee was negligent in not notifying appellant that it was going to move the posts from Pantano to Tucson, Arizona. The letter of instructions to appellee authorized the posts to be sold without regard to notice, time, or place; and this issue was merely evidentiary of the ultimate issue of whether in the use of reasonable diligence appellee obtained a fair price for the posts.

The same ruling is also applicable to the requested issue of whether appellee was negligent in selling the cedar posts at the alleged price it received. That issue was included in the ultimate issue submitted of whether appellee used reasonable diligence to secure a fair price for the posts.

Appellant further complains of the action of the trial court with respect to an inquiry made by the jury while deliberating upon the case. The jury were returned to the jury box, and the foreman handed the trial judge a note reading as follows: "The jury would like to know if they are to take into consideration Article 8 in document No. 53712 in rendering their verdict."

In response to the inquiry of the jury the court gave the following written instruction: "Gentlemen: 'You are the exclusive judges of the facts proved, of the credibility of the witnesses, and the weight to be given their testimony'; I cannot answer the question any further."

The jury found in answer to special issue No. 1 that appellee used reasonable diligence in an effort to secure a fair price in selling the cedar posts involved in this law suit. The jury also disposed of the issue involving demurrage charges and which issue is not complained of in this appeal.

The jury did not answer special issue No. 2 which reads: "What sum of money, if any, do you find from a preponderance of the evidence should have been received from the sale of cedar posts by the exercise of reasonable diligence, if reasonable diligence was not used"?

■ No complaint was made as to the form of submitting this issue, and it in effect instructed the jury not to answer the issue if they had found in answer to special issue No. 1 that reasonable diligence was used by appellee to secure a fair price for the posts. The only objection is that in so instructing the jury the court in effect told them that they could disregard the agreed facts. In this connection appellant contends that the above quoted agreement was in effect an agreement that the posts were worth the amount stated at the point of destination, and that such was the fair value of the posts. We do not so interpret the agreement, because it provides that "it is distinctly agreed and understood that plaintiff does not admit liability for the value as hereinabove set out of the cedar posts." The effect of the agreement was that the parties agreed that the contract price for the posts was the amount stated, and that such contract price was the fair contract value of the posts at the point of destination. The controlling issue was whether appellee exercised reasonable diligence to secure a fair price for the posts.

■ The court also correctly declined to give the jury further instruction on the issue, because any other comment would have been upon the weight to be given the evidence. The jury did not request an explanation of an ambiguous term, but simply requested the trial court to tell them whether they were to take into consideration certain evidence adduced on the trial of the case. The agreement was explicit and stated that "according to the price for which defendant had contracted to sell said cedar posts," the value was a certain amount which was reasonable. Appellee

did not concede that that price should control in determining the issue of whether it exercised diligence to obtain a fair price in the sale of the posts.

The judgment of the trial court is affirmed.

Affirmed.